**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey J. Doering I, | No. CV-09-1559-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe M. Arpaio, County Sheriff; Julie Ahlquist, Division Commander; and Unknown MCSOs 1-7, | |
| Defendants. | |

Plaintiff commenced this civil rights action against Defendants by filing a pro se complaint on July 28, 2009. Dkt. #1. Defendants Joseph Arpaio and Julie Ahlquist have filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dkt. #9. In response to that motion, Plaintiff has filed a motion for leave to file an amended complaint. Dkt. #14.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a), *see Nolan v. Fitzharris*, 450 F.2d 958, 958 (9th Cir. 1971), Plaintiff may file an amended complaint as a matter of course and without leave of Court. *See also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). Plaintiff shall file an amended

complaint by **November 20, 2009**. The Court will deny as moot the motion for leave to file an amended complaint (Dkt. #14). Defendants' motion to dismiss the original complaint (Dkt. #9) also will be denied as moot.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. Each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The amended complaint must give each Defendant fair notice of Plaintiff's claim and "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff shall file an amended complaint by **November 20, 2009**.
2. Plaintiff's motion for leave to file amended complaint (Dkt. #14) is **denied** as moot.
3. Defendants' motion to dismiss the original complaint (Dkt. #9) is **denied** as moot.

DATED this 2nd day of November, 2009.

_____
David G. Campbell
United States District Judge