**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey J. Doering I, ) | No. CV-09-1559-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joe M. Arpaio, County Sheriff; Julie Ahlquist, Division Commander; Kelly Lenard, MCSO Deputy Sheriff; and James Jobes, MCSO Bailiff, ) | |
| Defendants. ) | |

Plaintiff Jeffrey Doering commenced this action by filing a pro se complaint on July 28, 2009. Dkt. #1. Plaintiff filed an amended complaint (Dkt. #16) in response to a motion to dismiss (Dkt. #9). The amended complaint purports to assert civil rights claims under 42 U.S.C. §§ 1981, 1983, and 1985. Dkt. #9 at 1, 5-6.

Defendants have filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dkt. #18. The motion is fully briefed. Dkt. ##21, 23. No party has requested oral argument. For reasons that follow, the Court will grant the motion and dismiss the amended complaint for failure to state claim for relief.

The Court previously explained to Plaintiff (Dkt. #15) that to survive dismissal, the amended complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The amended complaint alleges the following events: On July 23, 2009, Plaintiff accompanied a neighbor, Mr. Woods, to the superior courthouse. While there, Plaintiff witnessed Woods being arrested on an outstanding warrant by several Maricopa County Sheriff Officers ("MCSO"). Plaintiff was "shaken" and "in terror at this point because the events were so unexpected [and] represented a grave injustice." Dkt. #16 at 2-3. The MCSOs who arrested Woods did not respond when Plaintiff asked, "Where are you taking him?" Another MCSO informed Plaintiff that the bond amount was $800 and could be paid at the courthouse bond counter. Plaintiff learned that $100 bills would not be accepted and had to rush to a nearby bank and return to the courthouse. MCSOs instructed Plaintiff to pay at the jail across the street where Woods would be taken. Woods was released on bond shortly before midnight. Dkt. #16 at 1-3.

Plaintiff asserts that the Sheriff has an obligation to promptly take an arrested person to jail for processing. Had the Sheriff promptly transported Woods to jail, Plaintiff contends, he would have been released sooner and without bail. Plaintiff alleges that the failure of that to happen in this case diminished his "right to the pursuit of happiness" and caused him to "suffer extreme anxiety, mental duress, stress and financial hardship[.]" *Id.* at 3.

Defendants argue, correctly, that the events alleged by Plaintiff, even when accepted as true, are wholly insufficient to state an actionable civil rights claim. Dkt. #18 at 2-5. Plaintiff was not arrested by Defendants, and he does he allege that they took any direct action against him. The arrest of Woods on a valid warrant, even if the arrest caused Plaintiff emotional distress, does not constitute a violation of Plaintiff's civil rights. Nor has Plaintiff shown a civil rights violation based on the purported delay in taking Woods to jail or

Plaintiff's efforts to post bond. The Court will dismiss the amended complaint for failure to state a claim for relief.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #18) is **granted**.
2. The amended complaint (Dkt. #16) is **dismissed** for failure to state a claim for relief.
3. Defendant James Jobe's motion to dismiss for insufficiency of service of process (Dkt. #19) is **denied** as moot.
4. The Clerk is directed to **terminate** this action.

DATED this 5th day of February, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge